**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **ROSETTA TYREE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:04-0964 |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's request for waiver of recovery of an overpayment totaling $18,144.00 in Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Rosetta Tyree (hereinafter referred to as "Claimant"), became entitled to wife's insurance benefits in August 1980 based upon her husband's disability. (Tr. at 6-7, 54-57.) On June 30, 1994, Claimant's husband received a lump sum workers' compensation settlement of $108,831.91 for the period from November 26, 1979, to July 31, 1994. (Tr. at 72, 84.) After the payment of legal fees in the amount of $21,766.38, the couple was left with $87,065.53. (Tr. at 7, 72-74.) Claimant's attorney notified the Social Security Administration of the award by letter dated July 6, 1994. (Tr. at 72-74.) SSA determined that Claimant had been overpaid in the amount of

1

$18,144.00 and that although she was without fault in accepting the overpayment, she had the ability to repay. (Tr. at 25-26, 35-36, 47-48.) Claimant filed two requests for Waiver of Overpayment, both of which were denied based upon Claimant's financial ability to repay the amount of the overpayment. (Tr. at 27-34, 39-46, 35-38, 47-48.)

On May 13, 2002, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 52.) A hearing was held on March 3, 2003 before the Honorable Timothy C. Pace. (Tr. at 80-105.) By decision dated March 28, 2003, the ALJ denied Claimant's request for waiver of recovery. (Tr. at 12-17.) The ALJ determined that Claimant was "not without fault" in accepting the overpayment and that she and her husband had the financial ability to repay the overpayment because their income exceeded their expenses. (Tr. at 16.) The Appeals Council granted Claimant's request for review on May 20, 2004. (Tr. at 75-79.) Nevertheless, the Appeals Council determined, by decision dated July 8, 2004, that recovery of the overpayment could not be waived. (Tr. at 3-9.) The Appeals Council determined that Claimant was without fault in causing the overpayment for August 1980 through June 1994, but that recovery of the overpayment would not defeat the purpose of Title II of the Social Security Act and would not be against equity and good conscience. (Tr. at 8.) On September 7, 2004, Claimant brought the present action seeking judicial review of the administrative decision.

Under Section 204 of the Social Security Act, an overpayment of benefits must be recovered unless relief from repayment can be granted under the waiver provisions of the law. 42 U.S.C. § 404. The Act provides that "[w]henever the Commissioner of Social Security finds that more . . . than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made . . ." by decreasing any payment, or requiring the overpaid person or his

estate to refund the amount in excess of the correct amount. 42 U.S.C. § 404(a)(1)(A). Under Section 204(b) of the Act, there shall be no adjustment or recovery in any case where an overpayment has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of Title II of the Act, or be against equity and good conscience. See 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a) (2004). Thus, to be entitled to a waiver of overpayment, the Commissioner must find that the individual is both without fault and that recovery of the overpayment would not defeat the purpose of the statute or be against equity and good conscience. See id. The Claimant has the burden of proving both of these elements. See Bray v. Bowen, 854 F.2d 685, 687 (5th Cir. 1988); Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir. 1982); Kendrick v. Califano, 460 F. Supp. 561, 570 (E.D. Va. 1978).

In this particular case, the Appeals Council ("AC") determined that Claimant was without fault in causing and accepting the overpayment for August 1980 through June 1994. (Tr. at 8.) The AC found that at the time Claimant received her benefits for August 1980 through June 1994, they were paid correctly and "the claimant could not have been expected to know that they would represent an overpayment in the future." (Tr. at 8.) The AC found that Claimant was not without fault in causing the overpayment for July 1994 through December 1994 because she accepted benefits that she knew or should have known were incorrect. (Tr. at 8.) The AC noted Claimant's testimony that she quickly reported her husband's receipt of the workers' compensation benefits and was told that she had received an overpayment and that her benefits would be reduced. (Tr. at 8, 16, 87-89.)

The AC found that at the time she was notified of the overpayment, Claimant had the funds to repay the overpayment and therefore recovery of the overpayment would not defeat the purpose

of Title II of the Act. (Tr. at 8.)  Finally, the AC found that recovery of the overpayment would not be against equity and good conscience. (Tr. at 8.)  Claimant's request for a waiver of recovery was therefore denied. (Tr. at 8-9.)

Scope of Review

The issue before this Court is whether the final decision of the Commissioner denying the waiver is supported by substantial evidence.  In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence.  Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because:  (1) the ALJ erred in finding Claimant not without fault in causing the overpayment; and (2) the ALJ erred in finding that recovery would not defeat the purpose of Title II or be against equity and good conscience. The Commissioner asserts that these arguments are without merit and

that the decision is supported by substantial evidence.

1. Fault

Claimant first briefly argues that she was not at fault in causing and accepting the overpayment. Claimant argues that she and her husband contacted the Social Security Administration on numerous occasions to determine whether there had been an overpayment, and that they waited an appropriate amount of time before spending the money from the workers' compensation settlement.

In determining whether a claimant is at fault with regard to an overpayment, the Commissioner "will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual has." 20 C.F.R. § 404.507 (2004). An individual will be found at fault when an incorrect payment resulted from one of the following:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

Id. "Neither good faith nor the absence of bad faith suffices to establish that the overpaid individual is without fault." Thomas v. Sullivan, 923 F.2d 849, 1991 WL 4642, *1 (4th Cir. January 23, 1991) (citing Center v. Schweicker, 704 F.2d 678, 679-80 (2d Cir. 1983)).

As previously noted, the AC found, after considering the evidence of record, that Claimant was *without fault* in causing the overpayment for the period of August 1980 through June 1994, but that from July 1994 through December 1994 she was *not without fault* because she knew or should have known that she was receiving benefits which were incorrect. (Tr. at 8.) The AC noted

5

Claimant's testimony that she reported her husband's receipt of the workers' compensation benefits and that she was told by Social Security that "there was an overpayment and that they would be getting in touch with us." (Tr. at 8, 91.) Claimant further testified that within a couple of days of receiving the workers' compensation settlement, her husband paid off their home mortgage and then paid off other bills. (Tr. at 91.) In 1995 they bought a truck, and Claimant testified that she felt that they were entitled to the full amount of money because their income had been limited for a long period of time. (Tr. at 91-92.) Claimant also testified that she and her husband were initially told when applying for social security that when he received workers' compensation, they should notify SSA because it would affect his monthly benefits. (Tr. at 87.)

The Court finds that the Commissioner's determination regarding fault was proper and supported by substantial evidence. Although Claimant reported receipt of the Workers' Compensation benefits, she and her husband apparently spent the vast majority of the money by the time they were formally notified that there had been an overpayment. (Tr. at 89.) Based upon the evidence of record, the Claimant knew or should have known that there would be an offset of benefits. The Commissioner considered the pertinent circumstances. Further, Claimant was found to be without fault for the majority of the relevant time period, and she spends little time focused on this argument. Rather, she concentrates on arguing that recovery of the overpayment would defeat the purpose of Title II and be against equity and good conscience. Accordingly, the Court finds that the ALJ's determination was proper and in accordance with the applicable law and Regulations.

2. <u>Defeat Purpose of Title II or Against Equity and Good Conscience</u>

Claimant next asserts that the Commissioner erred in determining that recovery of the overpayment in the instant case would neither defeat the purpose of Title II nor be against equity and good conscience. The Commissioner asserts that this argument is without merit.

Under the Regulations, the purpose of Title II would be defeated, in this context, if recovery of the overpayment would deprive a person of income required for ordinary and necessary living expenses. <u>See</u> 20 C.F.R. § 404.508(a). These expenses include fixed living expenses, such as food, clothing, rent, utilities, maintenance, insurance, taxes, and medical expenses. <u>See</u> <u>id.</u> § 404.508(a)(1)-(4). The Regulations further provide that recovery will defeat the purposes of Title II when the person from whom recovery is sought "needs substantially all of his current income (including monthly social security benefits) to meet current ordinary and necessary living expenses." <u>Id.</u> § 404.508(b).

Recovery of an overpayment is against equity and good conscience if an individual: (1) changed his position for the worse or relinquished a valuable right because of reliance upon a notice that a payment would be made or because of the overpayment itself; or (2) was living in a separate household from the overpaid person at the time of the overpayment and did not receive the overpayment. <u>See</u> 20 C.F.R. § 404.509(a) (1) and (2). "The individual's financial circumstances are not material to a finding of *against equity and good conscience*." <u>Id.</u> § 404.509(b) (Emphasis in original).

First, there is no evidence in the instant case indicating that Claimant would meet the requirements of *against equity and good conscience*. (Tr. at 8.) There is no evidence that Claimant changed her position for the worse or relinquished a valuable right due to reliance on the

7

overpayment or notice of a payment, and Claimant and her husband were living together in the same household at the time of the overpayment. Claimant's argument that recovery of the overpayment would deprive her family of the funds needed for necessary living expenses goes more to the question of whether recovery would defeat the purpose of Title II.

Claimant argues that repayment would cause an undue hardship upon her family and that they would not be able to meet their monthly necessities if required to repay. (Pl.'s Br. at 6.) The AC found that after receipt of the workers' compensation settlement, Claimant and her husband had "ample funds with which to repay the overpayment," but chose to spend the money in other ways. (Tr. at 8.) The AC determined that Claimant had the funds to repay the overpayment when notified of it and therefore found that recovery of the overpayment would not defeat the purpose of Title II of the Act. (Tr. at 8.) In his decision, the ALJ found that the financial statements submitted in the record indicate that Claimant and her husband have the ability to repay the overpayment "as their income exceeds expenses." (Tr. at 16, 68-69.) As the Commissioner points out, Claimant is currently employed. (Tr. at 99.) Claimant argues that repayment would prevent her family from meeting their monthly expenses, but fails to note that she has at least some income left over each month according to her most recent financial statement, and that this statement included expenses such as a $35.00 cell phone bill and a $13.50 monthly newspaper subscription. (Tr. at 69.) Based upon the foregoing, the Court finds that the Commissioner's determination was proper and supported by substantial evidence and is in accordance with the applicable law and Regulations.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Plaintiff's

Motion for Summary Judgment is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **GRANTED**, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this Court.

      The Clerk of this Court is directed to provide copies of this Memorandum Opinion to all counsel of record.

      ENTER: September 9, 2005.

                                          R. Clarke VanDervort
                                          United States Magistrate Judge